J-S18032-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| NELSON RYDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SCI - COAL TOWNSHIP | : | |
| | : | |
| Appellee | : | No.  1261 MDA 2015 |

Appeal from the Order Entered June 29, 2015
in the Court of Common Pleas of Northumberland County,
Civil Division, at No(s): CV-2014-02278

BEFORE:    BOWES, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                 **FILED MARCH 16, 2016**

Nelson Ryder (Ryder) appeals from the order entered on June 29, 2015, which, *inter alia*, denied his motion for pre-complaint discovery.  Upon review, we quash this appeal.[1]

On December 30, 2014, Ryder filed a praceipe for writ of summons and application to proceed *in forma pauperis* (IFP).  The writ of summons

---

[1] Because Ryder has instituted this lawsuit against SCI - Coal Township, an entity of the Commonwealth, it is not clear that this Court, as opposed to the Commonwealth Court, has subject matter jurisdiction over this appeal. However, because the Department of Corrections has not objected to our jurisdiction, we may decide this appeal. ***See*** Pa.R.A.P. 741(a) ("The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court."). "It is the intention of this rule that where a case is appealed to the wrong appellate court, only the court may require transfer after the briefing schedule has commenced." ***Id***. (Note).

*Retired Senior Judge assigned to the Superior Court.

was filed against SCI-Coal Township, as well as several corrections officers. Praecipe for Writ of Summons, 12/30/2014. On January 16, 2014, the trial court granted Ryder's application to proceed IFP.[2] On February 20, 2015, counsel for SCI-Coal Township filed a praecipe for a rule for Ryder to file a complaint. On June 29, 2015, the trial court entered the following order.

AND NOW, this 29th day of June 2015, the Court - having reviewed the Praecipe for a Rule to file a Complaint, the Plaintiff's response, the Plaintiff's request for pre-complaint discovery, and the legal memorandum submitted by Plaintiff - hereby orders and directs as follows:

1. The Plaintiff's Pre-Complaint discovery requests are overly broad and encompass material which is not necessary to the preparation of a complaint[1].

[1] The Plaintiff seeks "any and all" facts and documents relating to his cause of action. Traditional requirements for pre-complaint discovery require the Court to balance the equity of having a well-pled complaint against the rights of the Defendants to have notice of the complaints against them. In this case, with such broad requests, the Plaintiff seeks discovery, NOT pre-complaint discovery.

2. The Plaintiff's Motion for a Protective Order is **DENIED**. Plaintiff wishes a stay entered on the Defendant's Praecipe for a Rule. He does not seek a protective order under the rule.

3. The Defendant's Praecipe for a Rule to file a Complaint is **GRANTED**.

---

[2] The trial court granted Ryder's application to proceed IFP prematurely. ***See*** Pa.R.C.P. 240(j)(2) ("If the petitioner commences the action by writ of summons, the court shall not act on the petition for leave to proceed *in forma pauperis* until the complaint is filed. If the complaint has not been filed within ninety days of the filing of the petition, the court may dismiss the action pursuant to subdivision (j)(1).").

WHEREFORE, the Court further orders and directs as follows:

1.  Plaintiff shall have **thirty (30) days** in which to file a complaint in the above-captioned matter.
2.  Plaintiff maintains *in forma pauperis* status.
3.  Plaintiff is advised of the nature and requirements of service of civil complaints pursuant to the Rules of Civil Procedure.

BY THE COURT:
/s/ Wm. Harvey Wiest, President Judge

Order, 6/29/2015.[3]

Ryder timely filed a notice of appeal from that order.  Both Ryder and the trial court complied with Pa.R.A.P. 1925.  Before we reach the issues on appeal, we consider whether we have jurisdiction over an appeal from this order.[4]

> An appeal may be taken only from a final order unless otherwise permitted by statute or rule. A final order is ordinarily one which ends the litigation or disposes of the entire case; however, "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pa.R.A.P. 313(a). A collateral order is defined under Pa.R.A.P. 313(b) as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost."

---

[3] Ryder's pre-complaint discovery requests and motion for protective order are not included in the certified record.  However, based on our disposition, this does not impede our review.

[4] On October 27, 2015, this Court issued a rule to show cause on Ryder as to why this appeal should not be quashed as interlocutory.  On November 4, 2015, Ryder filed a response arguing that this order is appealable as a collateral order.  Thus, the show cause order was discharged and the matter referred to this panel.

*Ben v. Schwartz*, 729 A.2d 547, 550 (Pa. 1999).

Ryder suggests that the trial court order is appealable as a collateral order pursuant to Pa.R.A.P 313. "Whether an order is appealable as a collateral order is a question of law; as such, our standard of review is *de novo* and our scope of review is plenary." *Yorty v. PJM Interconnection, L.L.C.*, 79 A.3d 655, 660 (Pa. Super. 2013) (quotations omitted).

Despite Ryder's arguments to the contrary, it is clear that this order does not satisfy any of the three aforementioned requirements. "A plaintiff may obtain pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party." Pa.R.C.P. 4003.8(a). Thus, by its own definition, the material sought through pre-complaint discovery must be a core aspect of preparing the complaint and therefore is unlikely to be "separate and distinct from the underlying cause of action." *Berkeyheiser v. A-Plus Investigations, Inc.*, 936 A.2d 1117, 1123 (Pa. Super. 2007). Furthermore, we would be hard pressed to see how permitting review of this order at this point would involve a right "deeply rooted in public policy going beyond the particular litigation at hand." *Id*. Finally, even if Ryder somehow satisfied the first two prongs, he cannot satisfy the third prong, as review of the denial of pre-complaint discovery will not be irreparably lost.

In **McNeil v. Jordan**, 894 A.2d 1260 (Pa. 2006), our Supreme Court considered this issue. That case involved a will contest wherein one son, Henry, instituted an action against his sister and her husband (the Jordans) for intentional interference with testamentary expectancy. Henry filed a writ of summons against the Jordans, followed by a complaint. The Jordans filed preliminary objections in the nature of demurrer, which was granted and Henry was given 30 days to file an amended complaint. Henry sought discovery to aid in preparation of his amended complaint, and filed a formal motion for pre-complaint discovery. That motion was denied by the trial court, and Henry was provided 30 days to file an amended complaint. Thereafter, Henry advised the trial court that he would not amend his complaint without access to the pre-complaint discovery, and the trial court dismissed Henry's action with prejudice.

Henry filed an appeal to this Court arguing that the trial court erred in denying his request for pre-complaint discovery necessary to file a legally-sufficient complaint. This Court affirmed, holding that Henry's failure to set forth a *prima facie* case to support his cause of action was fatal to his request for pre-complaint discovery. Our Supreme Court granted allocatur to consider the issue. The Jordans argued that Henry did not preserve the issues related to the denial of pre-complaint discovery. Our Supreme Court set forth the following.

> It has been unremittingly obvious to both parties, the trial court, the Superior Court, and now this Court that Henry['s] desire to

- 5 -

take pre-complaint discovery has been the crucial issue in this case. The dismissal with prejudice of Henry['s] complaint was a final order fairly encompassing the trial court's denial of pre-trial discovery, and preserving that issue for review before both the Superior Court and this Court.

*McNeil*, 894 A.2d at 1267. Our Supreme Court pointed out that this is consistent with the policy that "a notice of appeal filed from the entry of judgment will be viewed as drawing into question any prior non-final orders that produced the judgment." *Id*. at 1266 (quotations and emphasis omitted).

Based on the foregoing, it is clear that if Ryder's complaint is dismissed with prejudice as legally insufficient, he may appeal from that final order. Ryder can then argue that the reason he was unable to prepare a legally-sufficient complaint was due to the denial of pre-complaint discovery. Thus, it is evident that Ryder's issues regarding pre-complaint discovery will not be irreparably lost "if review is postponed until final judgment in the case[.]" *Ben*, 729 A.2d at 550.

Based on the foregoing, we conclude that the order from which Ryder appeals is not a collateral order, and we lack jurisdiction to review it.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary
Date: 3/16/2016

- 6 -